UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-22875-CIV-MARTINEZ-OTAZO-REYES

MEDMARC CASUALTY INSURANCE
COMPANY,
    Plaintiff,

vs.

SPINEFRONTIER, INC., KINGSLEY CHIN, M.D.,
LESS INSTITUTE PLLC, SANCTUARY SURGICAL
CENTRE, INC., and PATRICK CHAPOTEAU,
    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff Medmarc Casualty Insurance Company's ("Medmarc") Motion for Summary Judgment [ECF No. 41]. Defendants Spinefrontier, Inc. ("Spinefrontier"), Kingsley Chin, M.D. ("Chin"), and Less Institute PLLC ("Less Institute") filed a Response in Opposition thereto [ECF No. 48]. Defendant Patrick Chapoteau ("Chapoteau") likewise filed a Response in Opposition thereto [ECF No. 49]. Plaintiff Medmarc then filed replies in further support [ECF Nos. 53, 54].[1] For the reasons stated below, Plaintiff's Motion for Summary Judgment is denied.

### I. BACKGROUND

Plaintiff Medmarc has asserted two counts for declaratory judgment as to the scope of its duty under an insurance policy (the "Policy") to defend and indemnify Defendants Spinefrontier, Chin, Less Institute and Sanctuary with respect to an underlying state-court action ("Underlying Action") filed by Chapoteau. The Underlying Action is based on claims for product liability and medical negligence, allegedly as a result of a surgical screw that failed after it was surgically

___
[1] Default has already been entered against Defendant, Sanctuary Surgical Centre, Inc. ("Sanctuary") [ECF No. 34].

implanted into Chapoteau's spine. [ECF No. 1]. Specifically, Medmarc asks this Court to declare that: (1) Medmarc has no duty to indemnify Spinefrontier and Chin for any medical negligence claims alleged against them in the Underlying Action as the Policy only provides coverage for product liability claims and specifically excludes coverage for medical negligence claims; and (2) that Medmarc has no duty to defend or indemnify Less Institute or Sanctuary for any claims against them in the Underlying Actions, particularly as both Less Institute and Sanctuary are not insureds under the Policy and all claims alleged against Less Institute and Medmarc in the Underlying Action are otherwise excluded from coverage under the Policy. *Id.*

Pursuant to this Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss [ECF No. 64], all of Plaintiff's claims for a declaratory judgment with respect to Medmarc's duty to indemnify any Defendant in the Underlying Action have been stayed pending the resolution of the Underlying Action. Accordingly, the Court will only consider the parties' summary judgment arguments as to Medmarc's duty to defend Less Institute,[2] and the parties' arguments as to Medmarc's duty to indemnify will not be considered by the Court at this time.

## II. STANDARD

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, this standard provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

---

[2] Defendant Sanctuary did not file any arguments and has not appeared in this case. As indicated *supra*, n.1, default has been entered against Sanctuary in this matter.

2

(1986); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.*, 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id.* at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. See *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)); *see also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material negating the

3

opponent's claim." *Id.* at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

### a. Duty to Defend Less Institute

Plaintiff Medmarc argues that it is entitled to summary judgment because it has no duty to defend Less Institute in the Underlying Action. However, Medmarc fails to bring forth sufficient undisputed evidence to carry its burden to prove no genuine issue of facts remain as to its duty to defend Less Institute, and therefore Medmarc's Motion for Summary Judgment is denied

Generally, "[u]nder Florida law, an insurance provider's duty to defend an insured party depends solely on the facts and legal theories alleged in the pleadings and claims against the insured." *Stephens v. Mid-continent Cas. Co.*, 749 F.3d 13 18, 1323 (11th Cir. 2014) (quoting *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1275 (11th Cir. 2008)). "The duty to defend arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." *Id.* (citing *Lawyer's Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995); *U S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So. 2d 686,

4

691 (Fla. 4th DCA 2006)). "Thus, an insurer is obligated to defend a claim even if it is uncertain whether coverage exists under the policy." *Id.* (quoting *Mid-continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1149 (11th Cir. 2010) (quoting *First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co.*, 695 So. 2d 475, 476 (Fla. 3d DCA 1997)). "When the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend." *Id.* (quoting *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005) (quoting *Baron Oil Co. v. Nationwide Mut. Fire. Ins. Co.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985)).

However, Florida courts have noted an exception to these general rules in the context of an insurer's duty to defend a party claiming to be an additional insured under a policy of insurance. *See Nateman v. Harford Cas. Ins. Co.*, 544 So. 2d 1026, 1027 (Fla. 3d DCA 1989); *see also Stephens*, 749 F.3d at 1323. In *Nateman*, the Florida appellate court explained the rationale for this exception:

> At the outset, we observe that in cases where one is alleged to be an additional insured, it is much more feasible to ascertain initially the question of who is covered as opposed to the issue of what the coverage is. While we acknowledge the viability of the general rule that the allegations of the complaint determine an insurer's duty to defend, it would be imprudent and illogical to confer such a duty upon an insurer as to a party who is not an insured. We agree with the courts cited above that the creation of the basic insurer-insured relationship and the ensuing duty to defend cannot be left to the imagination of the drafter of a complaint, *Navajo Freight Lines, Inc.*, 471 P.2d at 315, and as to who is an insured, the facts as they actually exist must be determinative.

*Nateman*, 544 So. 2d at 1027; *see also Composite Structures, Inc. v. Cont'l Ins. Co.*, 560 F. App'x 861, 866 (11th Cir. 2014) (considering extrinsic facts in determining [insurer's] duty to defend because the date of written notice to the insurance company is not a fact that would normally be alleged in the complaint").

5

Therefore, under the above-noted exception, this Court must first determine whether Less Institute qualifies as an additional insured under the Policy before determining whether Medmarc has a duty to defend Less Institute. However, this threshold question to the duty to defend determination is still not answered conclusively by Plaintiff in its Motion for Summary Judgment.

The only pertinent fact Plaintiff adequately supports in this regard is that Less Institute is not a named insured under the Policy. [ECF No. 41 at 11]. Plaintiff also asserts that "the allegations regarding Chin within the Less [Institute] count for medical negligence is in his capacity as a surgeon and treating physician under Less [Institute], not as an officer or director of Spinefrontier." *Id.* While true, this assertion does not necessarily lead to the conclusion that Less Institute is not an additional insured under the Policy. For example, it could be proven that Less Institute acted as a director of Spinefrontier, and that Less Institute discharged those duties as director of Spinefrontier through Chin. Plaintiff offers no facts in this regard.

Moreover, Plaintiff's conclusory statement that "Less [Institute] does not meet the definition of 'medical staff member,'" in no way conclusively demonstrates that Less Institute is not an additional insured under the Policy. *Id.* at 11-12. Again, it could be proven in the Underlying Action that Less Institute was a member of Spinefrontier's medical staff, and that Less Institute discharged those duties as a member of Spinefrontier's medical staff through Chin.[3] Plaintiff simply has not met its burden to prove conclusively that it is entitled to summary judgment as to its duty to defend Less Institute. In other words, genuine issues of fact continue

---

[3] In the duty to indemnify section of Plaintiff's Motion for Summary Judgment, Plaintiff similarly asserts that the allegations in the complaint in the Underlying Action "do not complain about Chin in his capacity as Spinefrontier's employee within the claim against Less [Institute]." [ECF No. 41 at 13]. However, again, this argument is a red herring because although Chin is alleged to be an employee of Less Institute, this argument does not speak to whether Less Institute was a member of Spinefrontier's medical staff acting through its employee, Chin.

to remain regarding whether Less Institute qualifies as an additional insured under the Policy.

Accordingly, Plaintiff's Motion for Summary Judgment, with respect to Medmarc's claim for declaratory judgment as to its duty to defend Less Institute under Count VIII of the Underlying Complaint for alleged medical negligence, is denied.

**IV. Conclusion**

Based on the foregoing, it is clear that issues of genuine fact remain as to whether Less Institute qualifies as an additional insured under the Policy.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [ECF No. 41] is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of September, 2018.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Otazo-Reyes